1  TODD M. LANDER (BAR NO. 173031)
   todd.lander@ffslaw.com
2  MARK B. MIZRAHI (BAR NO. 179384)
   mark.mizrahi@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1500
4  Los Angeles, California 90067
   Telephone: (310) 255-6100
5  Facsimile: (310) 255-6200

6  Attorneys for Plaintiff JAMES TYLER

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 JAMES TYLER, an individual,                    Case No.

12        Plaintiff,                              **COMPLAINT FOR:**

13    vs.                                         **1. FEDERAL TRADEMARK
                                                  INFRINGEMENT (15 U.S.C. § 1114);**
14 TYLERMAC STUDIOS, LLC, a
   Florida limited liability company f/k/a        **2. FEDERAL TRADEMARK
15 TYLER GUITARS, LLC; and DOES 1                 INFRINGEMENT, FALSE
   through 5, inclusive,                          DESIGNATION OF ORIGIN AND
16                                                FALSE DESCRIPTION (15 U.S.C. §
          Defendants.                             1125(1)-(2));**
17
                                                  **3. COMMON LAW TRADEMARK
18                                                INFRINGEMENT;**

19                                                **4. CALIFORNIA COMMON LAW
                                                  UNFAIR COMPETITION;**
20
                                                  **5. CALIFORNIA STATUTORY
21                                                UNFAIR COMPETITION; and**

22                                                **6. CYBERPIRACY (15 U.S.C. §
                                                  1125(d)).**
23
                                                  **DEMAND FOR JURY TRIAL**
24

25

26

27

28
   5149630.1 27214-201

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   Plaintiff James Tyler, an individual ("**James Tyler**" or "**Plaintiff**") brings this

2   action against defendants TYLERMAC STUDIOS, LLC, a Florida limited liability

3   company f/k/a TYLER GUITARS, LLC ("**TylerMac**"); and DOES 1 through 5,

4   inclusive (collectively, "**Defendants**") for injunctive relief and damages under the

5   laws of the United States and the State of California as follows:

6   <u>**JURISDICTION AND VENUE**</u>

7   1.     This action arises under the trademark laws of the United States, 15

8   U.S.C. §§ 1114, 1125(a), and 1125(d), and under the statutory and common law of

9   trademark infringement and unfair competition.

10   2.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367,

11   and 15 U.S.C. §§ 1114, 1116, 1117, 1121, and 1125.

12   3.     Venue lies in this judicial district pursuant to 28 U.S.C. § 1391.

13   This Court has personal jurisdiction over Defendants, as, on information and

14   belief, Defendants are doing business in California and this District, including the

15   acts complained of herein, and are subject to the jurisdiction of this Court.   On

16   information and belief, defendant TylerMac actively offers for sale and sells guitars

17   in the state of California and this District.  In addition, TylerMac has purposely and

18   willfully directed its intentional misuse and infringement of James Tyler's asserted

19   trademarks herein in the State of California, and to customers and consumers

20   located in California and this District, with the knowledge that James Tyler is a

21   California resident and that the actions alleged herein have caused damage and will

22   continue to cause damage within the State of California.  By transacting business

23   with customers in California, and by using the goodwill and reputation owned by

24   James Tyler, in this district, TylerMac has purposely availed itself of the privilege of

25   conducting business in this judicial district and has established sufficient contacts

26   with the State of California such that it is subject to jurisdiction in California.

27   / / /

28   / / /

**NATURE OF THE ACTION**

5.     This is an action for trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. §§1114, 1125(a), 1125(d), California Bus. & Prof. Code § 17200, *et seq*., and the common law.

6.     James Tyler's TYLER and JAMES TYLER branded guitars are among the most well-known and famous boutique guitars in the world.  James Tyler first began using the TYLER and JAMES TYLER designations on his guitars in the mid-to-late 1980s, achieving wide renown and fame in the industry over the past four decades.

7.     Over thirty-three (33) years later, in or about 2020, in disregard for James Tyler's rights, Defendants began offering to sell and are selling directly competitive products – guitars – in connection with the designation Tyler – a trademark that infringes James Tyler's Tyler Marks (defined below).  James Tyler has corresponded with defendant TylerMac demanding that that they cease and desist from further selling the Infringing Goods (defined below), but to no avail.

8.     Accordingly, to prevent and remediate the rampant consumer confusion, and misappropriation of James Tyler's Tyler Marks, resulting from Defendants' unauthorized promotion and sale of the Infringing Goods, and to compensate James Tyler for his injuries, James Tyler seeks immediate and permanent injunctive relief, compensatory damages, disgorgement of Defendants' profits, James Tyler's reasonable attorneys' fees and expenses, a product recall, statutory damages, and corrective advertising sufficient to address Defendants' wrongdoing.

**THE PARTIES**

9.     Plaintiff JAMES TYLER is an individual with a principal place of business located in San Fernando, California.

10.     On information belief, defendant TYLERMAC STUDIOS, LLC f/k/a Tyler Guitars, LLC is a Florida limited liability company with a place of business in

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Naples, Florida.

11.    On information belief, TylerMac is in the business of manufacturing, offering for sale, and selling, among other things, guitars and other musical equipment under the confusingly similar Infringing Marks (defined below).

12.    The true names and capacities of defendants sued herein as DOES 1-5, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.

13.    Upon information and belief, at all relevant times mentioned in this Complaint, Defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and permission of one another.

## **BACKGROUND FACTS**

### **James Tyler and his Protected Intellectual Property Rights**

14.    James Tyler is engaged in the business of creating, manufacturing, distributing and selling unique guitars, and related and complementary goods therefor, including, without limitation,  guitar cases, picks, and guitar pickups ("**Plaintiff's Goods**") in connection with the Tyler Marks (defined below).

15.    James Tyler has been in business for over fifty years and in that time has developed a reputation for producing high quality, unique, creative and innovative guitars, guitar pickups, and guitar accessories that are highly prized in the industry.

16.    James Tyler exerts great efforts to promote and preserve his image and identity and the image and identity of his high quality gear, including by creating distinctive products and marks for use on his products and seeking U.S. trademark registrations for such marks, including the TYLER, TYLER GUITARS, JAMES TYLER, and JAMES TYLER ELECTRIC collectively referred to herein as the

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

"**Tyler Marks**."

17. Since decades before Defendants adopted and used the Infringing Marks (defined below), James Tyler adopted, has continuously used, and has been the sole and exclusive owner, throughout the United States, of the trademark JAMES TYLER for "guitars and cases therefor; guitar picks." James Tyler is also the sole and exclusive owner of United States Federal Trademark Registration No. 5136813 therefor (the "**James Tyler Registration**"). A true and correct copy of the James Tyler Registration is attached as **Exhibit 1**.

18. Since decades before Defendants adopted and used the Infringing Marks (defined below), James Tyler adopted, has continuously used, and has been the sole and exclusive owner, throughout the United States, of the trademark JAMES TYLER ELECTRIC for "electronic sound pickups for guitars." James Tyler is also the sole and exclusive owner of United States Federal Trademark Registration No. 5137693 therefor (the "**James Tyler Electric Registration**"). A true and correct copy of the James Tyler Electric Registration is attached as **Exhibit 2**.

19. Since decades before Defendants adopted and used the Infringing Marks (defined below), James Tyler adopted, has continuously used, and has been the sole and exclusive owner, throughout the United States, of the trademark TYLER for guitars (the "**TYLER Mark**"), and is the sole and exclusive owner of United States Federal Trademark Application Serial No. 90796208 therefor (the "**TYLER Application**"), pending before the United States Patent and Trademark Office ("**USPTO**"). A true and correct copy of a USPTO printout for the TYLER Application is attached as **Exhibit 3**.

20. In the mid-late 1980s, James Tyler conceived of and created his first James Tyler branded guitars, almost ubiquitously referred to by the trade and among consumers throughout the industry as "Tyler guitars" and/or "Tylers," which have since become some of the most revered and sought after brands in the industry.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Indeed, after exerting much effort to launch the brand, soon thereafter he began to garner interest from fans among the world's guitar elite.

21.    Among the numerous world-famous artists that use/used James Tyler and Tyler branded guitars are notable names like Walter Becker of Steely Dan, Michael Anthony of Van Halen, Steve Lukather of Toto, Michael Bolton, Jay Gore, Michael Landau, Rascal Flats, Imagine Dragons, and Charlie Daniels.

22.    In fact, Tyler guitars have achieved almost mythic status in the industry and remain one of the best known and coveted boutique guitars in the marketplace. Indeed, Tyler guitars are so well known and regarded that numerous competitors have attempted to copy the overall look and feel of these guitars.

23.    Tyler guitars have become so well known that the cutting edge guitar industry manufacturer, Line 6, commissioned James Tyler to design a line of James Tyler Variax guitars that embody the innovative thinking and high quality of Tyler guitars.

24.    Indeed, continuously and without interruption, beginning in the mid-late 1980s, James Tyler has expended a great deal of time, effort, and money in the promotion of its guitars and related accessories in connection with the Tyler Marks. Due to the products' unique characteristics, high quality, marketing efforts, media coverage, and market penetration, the Tyler Marks have further acquired distinctiveness in the marketplace throughout the United States when applied to Plaintiff's Goods.  Indeed, because of James Tyler's promotional activities and widespread display of his Tyler Marks branded products directed to the public, and as a consequence of James Tyler's fair and honorable dealings with his customers, the relevant consuming public has come to recognize and associate Plaintiff's Goods bearing the Tyler Marks as high quality goods connected with a single source, specifically James Tyler.  The Tyler Marks have valuable goodwill and consumer recognition associated with them and have come to symbolize the valuable goodwill and reputation of James Tyler.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

25.     James Tyler promotes and offers his goods under his Tyler Marks through, among other things, his website located at <tylerguitars.com> and promotes them through his various social media accounts under the designation "tylerguitars," *e.g.*, his @TylerGuitars Twitter handle.

26.     In addition, the phones in connection with James Tyler's business associated with his Tyler Marks are answered as "Tyler Guitars," and his business and goods are widely referred to by customers in the marketplace as "Tyler Guitars" and "Tylers."

27.     In addition to being original and inherently distinctive, the Tyler Marks are widely recognized by consumers and have acquired significant goodwill in the marketplace throughout the United States and elsewhere.  In addition to marketing and selling them through numerous national, regional, and local brick-and-mortar retail stores nationwide, James Tyler's Tyler Marks branded goods are also sold through numerous well-known online stores throughout the United States and the world.

28.     Further adding to the secondary meaning acquired by the Tyler Marks in the marketplace, guitars and guitar pickups bearing the Tyler Marks have been featured in numerous magazines, press articles, reviews, and online videos.

29.     James Tyler's guitars and guitar accessories bearing the Tyler Marks have also been the subject of marketing campaigns, including social media posts.

30.     In addition, hundreds of well-known YouTube influencers and vloggers have shared and posted images and videos of themselves playing branded guitars and accessories bearing the Tyler Marks.  Thousands of consumers have done the same through numerous media platforms, including, Facebook, Instagram, Twitter, Pinterest, TikTok, and YouTube.  These posts have generated millions of "views," "likes" and "shares."

31.     As a direct result of James Tyler's efforts at promoting and building goodwill in his Tyler Marks, James Tyler's Tyler Marks branded guitars and guitar

1  accessories have exploded in popularity, creating substantial demand for and interest

2  therein, and generating enormous goodwill in the Tyler Marks and wide recognition

3  of the Tyler Marks throughout the United States and around the world.

4      32.    Because of the massive success and popularity of Tyler Marks branded

5  guitars and guitar accessories, consumers throughout the United States and the

6  world have come to associate James Tyler's high-quality guitars and guitars

7  accessories with the Tyler Marks and, conversely, have come to recognize the Tyler

8  Marks as designations of source.

9  <center>**<u>Defendants' Unlawful Conduct</u>**</center>

10      33.    At the outset, none of the defendants to this action is licensed or

11  otherwise authorized by Plaintiff to market or distribute products bearing any of the

12  Tyler Marks.

13      34.    Upon information and belief, in or about 2020, notably well after James

14  Tyler's Tyler Marks branded products hit the marketplace and James Tyler

15  established his rights and reputation therein, TylerMac, directly or through its

16  predecessor in interest, began offering a line of guitars and musical equipment, and

17  complementary goods therefor (collectively, the "**Infringing Goods**") in connection

18  with the designations Tyler Guitars, Tyler Guitar, and Tyler Macdonald, including,

19  without limitation, the corporate trade name Tyler Guitars, LLC.

20      35.    TylerMac also promoted and offered its guitars through its website

21  located at <tylerguitar.com> and promoted them through its various social media

22  accounts, under the designations "tylerguitar" and "tylermac_studios."

23      36.    TylerMac also attended the world renowned music equipment

24  tradeshow, Summer NAMM 2021, under the name Tyler Guitars.

25      37.    TylerMac's afore-described conduct resulted in actual confusion

26  amongst members of the public as to the source of James Tyler and TylerMac's

27  respective goods and services.

28      38.    After receiving a "cease and desist" letter from James Tyler relating to

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

TylerMac's above-described activities, TylerMac changed its name from TYLER GUITARS LLC to TYLERMAC STUDIOS, LLC, began forwarding users of the domain name <tylerguitar.com> to a website located at <tylermac.com>, on which the trademark TYLER MAC prominently appears, with the "TYLER" element appearing much larger and more prominently than the "MAC" element, as depicted below (the "**Tyler Mac (in design) Mark**"):





FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

39.    The TylerMac (in design) Mark also appears prominently on TylerMac's Instagram account.

40.    TylerMac has also filed a U.S. trademark application for the TYLER Mac (in design) Mark, Serial Number 90887781, depicted below, for guitars and various guitar-related equipment and accessories in both International Classes 009 and 015:



A true and correct copy of TylerMac's above-described trademark application is attached hereto as **Exhibit 4**.

41.    The TYLER GUITAR, TYLER GUITARS, TYLER MAC, TYLERMAC, Tyler Mac (in design) Mark, and TYLER MACDONALD marks used by TylerMac in connection with the Infringing Goods are collectively referred to herein as the "**Infringing Marks**."

42.    Defendants have caused the Infringing Goods and marketing materials therefor to enter interstate commerce and/or to be transported or used in interstate commerce, and James Tyler's Tyler Marks branded products and Defendants' Infringing Goods are advertised, marketed, offered for sale, and sold in many of the same channels of trade.

43.    Rather than investing in creating their own identity, Defendants elected to copy James Tyler's Tyler Marks in order to trade off of the goodwill established in the Tyler Mark, by adopting and using the confusingly similar Infringing Marks in connection with the marketing and sale of the Infringing Goods.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

44.     James Tyler is informed and believes that Defendants, without Plaintiff's consent or permission, continue to sell, advertise, promote, display, and distribute, guitars in connection with one or more of the Infringing Marks.

45.     The activities of Defendants in copying, distributing, advertising, selling, offering for sale and otherwise using the Infringing Marks in connection with the Infringing Goods constitutes false designation of origin regarding sponsorship of those goods and falsely represent to the public that the Infringing Goods originate from the same source as those goods sold in connection with the Tyler Marks, and/or that the Infringing Goods have been sponsored, approved or licensed by James Tyler, or are in some way affiliated or connected with James Tyler.  Such activities of Defendants are likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of the Infringing Goods, or to cause such persons to believe that Defendants' Infringing Goods and/or Defendants have been sponsored, approved, authorized, or licensed by James Tyler or are in some way affiliated or connected with James Tyler and/or his goods, all in violation of 15 U.S.C. §§1114 and 1125(a).

46.     On information and belief, TylerMac adopted and has used the Infringing Marks in connection with the Infringing Goods, with knowledge of Plaintiff's exclusive rights in his Tyler Marks.

47.     Defendants, by their unauthorized copying and use of a trademark confusingly similar with the Tyler Marks, have and are engaging in acts of trademark infringement, unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's good will garnered in his Tyler Marks.  Defendants have damaged the reputation, business and good will of James Tyler nationally and in this judicial district.

48.     On information and belief, TylerMac and/or its agents registered and/or maintain the domain names <tylerguitar> and <tylermac.com>, and the content

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  threat including the Infringing Marks prominently displayed thereon in connection
2  with the Infringing Goods in bad faith.

3       49.    Upon information and belief, Defendants are currently engaged in such
4  infringing activities and unless enjoined by the Court will continue such infringing
5  activities.

6       50.    Plaintiff has no adequate remedy at law.   Thus said activities of
7  Defendants have caused and, if not enjoined, will continue to cause irreparable,
8  immediate and impending harm and damage to Plaintiff's business, and to the
9  business, business reputation and good will of Plaintiff.

10                                    **COUNT I**
11      **(Federal Trademark Infringement – 15 U.S.C. § 1114(1)-(2))**
12                           (Against All Defendants)

13      51.    Plaintiff repeats and realleges each of the allegations above as if fully
14  set forth herein.

15      52.    Without James Tyler's authorization or consent, and having knowledge
16  of James Tyler's prior rights in the James Tyler Registration and James Tyler
17  Electric Registration, Defendants have designed, manufactured, distributed,
18  advertised, offered for sale and sold the Infringing Goods in connection with the
19  highly similar Infringing Marks to the consuming public in direct competition with
20  Plaintiff, in or affecting interstate commerce.

21      53.    Defendants have caused a likelihood of confusion, mistake and
22  deception as to the source of origin, sponsorship, authorization, association, or
23  affiliation of Defendants' goods, such that there is a likelihood that the public will
24  be confused into believing that the products Defendants promote, distribute, and sell
25  are directly sponsored by, associated with, or originate from the same source as
26  James Tyler's guitars and related accessories offered for sale, distributed, and sold
27  in connection with the marks in the James Tyler Registration and James Tyler
28  Electric Registration.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

54.   Defendants' use of the Infringing Marks violates section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because it constitutes unauthorized, willful and/or deliberate use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of James Tyler's federally-registered marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, and deception.

55.   As a direct and proximate result of Defendants' unlawful conduct, Defendants have misappropriated Plaintiff's rights in the James Tyler Registration and the James Tyler Electric Registration, as well as the goodwill associated therewith, and have diverted sales and profits from Plaintiff to Defendants.  Thus, as a direct and proximate result of Defendants' acts of infringement, Plaintiff has suffered damage to its valuable brand and reputation, and other damages in an amount to be proven at trial, including Defendants' profits and Plaintiff's lost profits.

56.   Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, unless Defendants are restrained by this Court. Plaintiff has no adequate remedy at law with regard to Defendants' infringing conduct.   Accordingly, Plaintiff is entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Plaintiff's afore-described registered trademarks, or any colorable imitation or variation thereof, including TYLER MAC, in connection with the sale and/or marketing of any musical equipment-related products, including, without limitation, guitars.

57.   Defendants' aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117.

/ / /

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## COUNT II

**(Trademark Infringement, False Designation of Origin and False Description –**

**15 U.S.C. §1125)**

(Against All Defendants)

58.     Plaintiff repeats and realleges each of the allegations of paragraphs 1 and 50 above as if fully set forth herein.

59.     The Tyler Marks are non-functional and highly distinctive, and have become associated in the public mind, throughout the United States and internationally, with guitars and various musical equipment accessories of the highest quality and reputation finding their source in Plaintiff.

60.     Plaintiff owns all right, title and interest in and to the Tyler Marks.

61.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's prior rights in the Tyler Marks, Defendants have designed, manufactured, distributed, advertised, offered for sale the Infringing Goods – including goods within the natural zone of expansion of Plaintiff's Goods – in connection with the Infringing Marks to the consuming public in direct competition with Plaintiff, in or affecting interstate commerce.

62.     Defendants have caused a likelihood of confusion, mistake and deception as to the source of origin, sponsorship, authorization, association, or affiliation of Defendants' goods, such that there is a likelihood that the public will be confused into believing that the products Defendants promote, distribute, offer for sale, and sell are directly sponsored by, associated with, or originate from the same source as Plaintiff's Goods sold in connection with the Tyler Marks.

63.     Defendants' acts described above constitute trade mark infringement, false designation of origin, false description, and false representation in violation of 15 U.S.C. §1125(a).  Such activities are harming Plaintiff's ability to protect the integrity of its products and the goodwill of its valuable Tyler Marks.

64.     As a direct and proximate result of Defendants' unlawful conduct,

Defendants have misappropriated Plaintiff's rights in the Tyler Marks, as well as the goodwill associated therewith, and have diverted sales and profits from Plaintiff to Defendants.   Thus, as a direct and proximate result of Defendants' acts of infringement, Plaintiff has suffered damage to its valuable brand and reputation, and other damages in an amount to be proven at trial, including Defendants' profits and Plaintiff's lost profits.

65.    Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, unless Defendants are restrained by this Court. Plaintiff has no adequate remedy at law with regard to Defendants' infringing conduct.   Accordingly, Plaintiff is entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Plaintiff's Tyler Marks, or any colorable imitations or variations thereof, including TYLER MAC, in connection with the sale and/or marketing of any musical equipment-related products, including, without limitation, guitars.

66.    Defendants' aforesaid acts are exceptional within the meaning of 15 U.S.C. § 1117.

<div align="center">

**<ins>COUNT III</ins>**

**(Common Law Trademark Infringement)**

(Against All Defendants)

</div>

67.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 50 and 59-63 as though fully set forth herein.

68.    Defendants have violated Plaintiff's exclusive common law rights in the Tyler Marks.

69.    Plaintiff has continuously used its Tyler Marks to identify its goods throughout California and the United States, and to distinguish them from goods of a different origin.   As such, Plaintiff has common law rights to the Tyler Marks.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

70.     Defendants' acts described above constitute trade mark infringement under the common laws of the United States, including California.

71.     As a direct and proximate result, Plaintiff has suffered injury and harm and will continue to suffer such harm, including money damages, the amount of which Plaintiff will prove at trial.

72.     Plaintiff has no adequate remedy at law.  Thus said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiff his its Tyler Marks and to its business reputation and good will.

## COUNT IV

### (California Common Law Unfair Competition)

(Against All Defendants)

73.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 50, 59 through 63, 68 and 69 as though fully set forth herein.

74.     This claim arises under the common law of the State of California relating to unfair competition.

75.     Defendants' use of the Infringing Marks in connection with the Infringing Goods constitute reproductions, copies and colorable imitations of Plaintiff's Tyler Marks, and the reputation garnered in those designations, and constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the parties' products and to cause purchasers to believe Defendants' products are authentic products of Plaintiff when in fact they are not.

76.     By their actions in infringing Plaintiff's Tyler Marks, Defendants are improperly trading upon the reputation and good will of James Tyler and are impairing his valuable rights in his Tyler Marks.

77.     Defendants' unauthorized activities as alleged herein constitute unfair competition, and are likely to illegitimately harm to Plaintiff's competitive position

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

in the marketplace.

78.     As a direct and proximate result, Plaintiff has suffered injury and harm and will continue to suffer such harm, including money damages, the amount of which Plaintiff will prove at trial.

79.     Plaintiff has no adequate remedy at law.  Thus said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiff in his Tyler Marks and to its business reputation and good will.

## COUNT V

### (Cyberpiracy under 15 U.S.C. § 1125(d))

(Against All Defendants)

80.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 50 as though fully set forth herein.

81.     Plaintiff's Tyler Marks are and were distinctive marks at the time the Defendants registered and began controlling the domain names <tylerguitar.com> and <tylermac.com>.

82.     The domain names <tylerguitar.com> and <tylermac.com> are confusingly similar to Plaintiff's Tyler Marks, especially in light of the high similarity of the parties' respective goods.

83.     On information and belief, Defendants chose and registered the domain names with a bad faith intent to profit from Plaintiff's reputation in its Tyler Marks.

84.     Defendants' use and registration of the domain names violates 15 U.S.C. § 1125(d).

85.     Defendants' conduct is causing irreparable damage to Plaintiff for which there is no adequate remedy at law, such that the Court should order the forfeiture or cancellation of the domain names or the transfer thereof to Plaintiff.

86.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to the valuable Tyler Marks, such that the Court should award

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  statutory damages in the amount of not less than $200,000, as provided for under 15
2  U.S.C. § 1117(d).

### COUNT VI

**(California Statutory Unfair Competition –_California Bus. & Prof. Code § 17200, *et seq*.)**

(Against All Defendants)

87.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 50, 59 through 63, 68 through 70, 74 through 77, and 81 through 84 as though fully set forth herein.

88.    By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of California Business and Professional Code §17200 *et seq*.

89.    Said activities of Defendants have caused, if not enjoined, and will continue to cause irreparable harm and damage to the rights of Plaintiff in his Tyler Marks and to his business reputation and goodwill. Plaintiff has no adequate remedy at law for these wrongs and injuries. The damage to Plaintiff includes harm to his goodwill and reputation in the marketplace that money alone cannot compensate. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Plaintiff's Tyler Marks, or any colorable imitation or variation thereof, in connection with the sale and/or marketing of any products. Plaintiff is further entitled to restitution and to recover its costs and attorneys' fees incurred in bringing and prosecuting this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That Defendants, their officers, members, shareholders, directors, agents, servants, employees, successors, licensees, representatives, successors,

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   assigns, and all persons acting in concert or participation with them, be permanently
2   enjoined and restrained from:

3          (i) Manufacturing, importing, distributing, advertising, offering to sell
4   or selling the Infringing Goods or any goods bearing any of the Tyler Marks, or any
5   confusingly similar designations, including without limitation the Infringing Marks;

6          (ii) Using any of the Tyler Marks or any confusingly similar
7   designations, including without limitation the Infringing Marks, in connection with
8   the importation, distribution, sale, offer for sale, or promotion of any goods/services,
9   including guitars and other musical equipment or accessories;

10          (iii) Using any false designation of origin, or representing or suggesting
11   directly or by implication that Defendants, or any brands created by Defendants, or
12   their goods, are affiliated with, associated with, authorized by, or otherwise
13   connected to Plaintiff, Plaintiff's goods/services, or the Tyler Marks, or that
14   Defendants are authorized by Plaintiff to use the Tyler Marks or any designation
15   confusingly similar therewith, including without limitation the Infringing Marks;

16          (iv) Engaging in any other activity constituting unfair competition with
17   Plaintiff, or constituting infringement of any of the Tyler Marks;

18          (v) From infringing or contributing to the infringement of any of
19   Plaintiff's trademarks or trade names, including without limitation the Tyler Marks,
20   or otherwise engaging in unfair competition with Plaintiff in any manner or
21   engaging in any conduct tending to falsely represent or likely to confuse, mislead or
22   deceive suppliers, purchasers, or any member of the public into thinking that
23   Defendants or any of their goods/services are affiliated with Plaintiff or that Plaintiff
24   has otherwise sponsored, approved, or licensed any goods/services of Defendants;

25          (vi) From using, or transferring to any entity other than Plaintiff, or
26   encumbering, or maintaining ownership of the domain names <tylerguitar.com> and
27   <tylermac.com>, or undertaking any activities to promote or utilize these domain
28   names, or any other domain name that includes any word or designation confusingly

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   similar to the Tyler Marks, including without limitation, the Infringing Marks, or

2   any alternate spellings thereof, in connection with guitars, musical equipment or

3   accessories therefor; and

4         (vii) Assisting, inducing, aiding, or abetting any other person or

5   business entity in engaging or performing any of the activities referred to in

6   subparagraphs (i) through (vi) above, or effecting any assignments or transfers,

7   forming new entities or associations, or utilizing any other device for the purpose of

8   circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)

9   through (vi) above;

10       2.     That Defendants be directed to file with the Court and serve on

11   Plaintiff, within thirty (30) days after entry of a final injunction, a report in writing

12   under oath setting forth in detail the manner and form in which Defendants have

13   complied with the injunction;

14       3.     That Plaintiff has superior rights to exclusive use in the Tyler Marks in

15   connection with music equipment, including without limitation guitars and parts and

16   accessories therefor;

17       4.     That Defendants shall not file, prosecute, or maintain an application for

18   registration or registration of any mark that includes the term "TYLER" or any

19   designation(s) confusingly similar thereto, including without limitation U.S.

20   trademark application Serial Number 90887781 for the TYLER Mac (in design)

21   Mark, with the United States Patent and Trademark Office or any other

22   governmental or state authority, in connection with music equipment related goods;

23       5.     That the Court direct any third parties providing services to

24   Defendants in connection with any infringing and/or enjoined conduct, including

25   social media platforms (*e.g.*, Instagram, Facebook, Twitter, YouTube, TikTok),

26   online marketplaces (*e.g.*, Alibaba, eBay, Etsy, AliExpress, Amazon, Taobao,

27   Musician's Friend, Sweetwater), online payment providers, including credit card

28   companies (*e.g.*, PayPal, Venmo, MasterCard, American Express, Visa) and other

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

service providers (*e.g.*, Google, GoDaddy, LiveChat, Shopify Website host) to cease providing services to Defendants in connection with the offer for sale and sale of the Infringing Goods or any other products using or embodying one or more of the Tyler Marks, or any word or designation confusingly similar to the Tyler Marks, including without limitation, the Infringing Marks, or any alternate spellings thereof;

6.     That the Court enter an order requiring Defendants to either cancel their registration, or transfer the ownership of such registration to Plaintiff, of the domain names <tylerguitar.com> and <tylermac.com>, and any other domain name that includes one or more of the Tyler Marks, or any word or designation confusingly similar to TYLER, including without limitation, alternate spellings thereof;

7.     That Defendants have no right or authority to issue, grant, register, license, or otherwise authorize the use of <tylerguitar.com> and <tylermac.com> as an Internet domain name, and no right to use, copy, reproduce, or display Plaintiff's Tyler Marks, or confusingly similar marks, on the Internet in connection with selling, advertising, or promoting any products/services without Plaintiff's consent;

8.     Adjudge that each of the Defendants, by its unauthorized use of the Infringing Marks in connection with the Infringing Goods, and such other acts as it may have undertaken relating to these marks, have violated Plaintiff's rights under 15 U.S.C. §§ 1114, 1125(a) and 1125 (d), under California state law (including, without limitation, Cal. Bus. & Prof. Code § 17200 *et seq.*), and under common law;

9.     Direct Defendants to provide Plaintiff with an identification in writing of any and all entities that are presently using the Infringing Marks in the United States on Defendants' behalf and inform them that they must immediately cease such use;

10.     Direct Defendants to immediately recall any and all merchandise previously provided to any United States entity bearing or in connection with the any of the Infringing Marks;

1    11.    Enter an order, including pursuant to 15 U.S.C § 1118, directing

2    Defendants to deliver for destruction all products, brochures, marketing materials,

3    decals, stickers, signs, prints, packages, receptacles, wrappers, boxes, and

4    advertisements in their possession or under their control, bearing any unauthorized

5    copy of any of the Tyler Marks, or any simulation, reproduction, counterfeit, copy,

6    confusingly similar likeness, or colorable imitation thereof, including without

7    limitation the Infringing Marks, and all plates, molds, matrices, programs and other

8    means of making same;

9    12.    That each Defendant provide Plaintiff in writing with the following

10    information relating to Defendants' goods marketed, advertised, offered for sale, or

11    sold under one or more of the Infringing Marks:

12    (i) the name, address and telephone number of each and every United

13    States entity to whom Defendants have made available or otherwise provided any

14    such products;

15    (ii) the total number of units distributed and sold;

16    (iii) the total number of units remaining in inventory; and

17    (iv) a full accounting as to the precise dollar amount of such products

18    made available or provided and the profits recognized by Defendants in connection

19    with such actions;

20    13.    That Defendants be required to pay Plaintiff such damages as it has

21    sustained as a consequence of Defendants' infringement of the of the Tyler Marks

22    and trebling of those damages under 15 U.S.C. § 1117;

23    14.    That Plaintiff be awarded statutory damages in the amount of not less

24    than $200,000, under 15 U.S.C. § 1117(d);

25    15.    Direct Defendants to pay the costs of corrective advertising;

26    16.    Defendants be required to pay restitution to Plaintiff of Defendants'

27    gains wrongly obtained by Defendants from Plaintiff;

28    17.    Direct Defendants to pay Plaintiff's attorneys' fees and costs incurred

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   in initiating and prosecuting this action;

2   18.   That Plaintiff recover its actual damages, Plaintiff's lost profits, and

3   Defendant's profits arising from Defendants' conduct complained-of herein;

4   19.   That the Court award enhanced profits and treble damages;

5   20.   That Plaintiff be awarded interest, including pre-judgment interest,

6   on the foregoing sums;

7   21.   That the Court direct such other actions as the Court may deem just and

8   proper to prevent the public from deriving the mistaken impression that any

9   products or services offered, advertised, or promoted by or on behalf of Defendants

10  are authorized by Plaintiff or related in any way to Plaintiff's products or services;

11  and

12  22.   For such other and further relief as the Court may deem just and

13  proper.

14

15  DATED: October 20, 2021                FREEMAN, FREEMAN & SMILEY, LLP

16

17

18                                        By:   _/s/ Mark B. Mizrahi_

19                                               TODD M. LANDER
                                                 MARK B. MIZRAHI
20                                               Attorneys for Plaintiff JAMES TYLER

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

# JAMES TYLER

**Reg. No. 5,136,813**

**Registered Feb. 07, 2017**

**Int. Cl.: 15**

**Trademark**

**Principal Register**

James Tyler (UNITED STATES INDIVIDUAL)
575 4th Street
San Fernando, CA 91340

CLASS 15: GUITARS AND CASES THEREFOR; GUITAR PICKS

FIRST USE 6-1-1987; IN COMMERCE 12-31-1991

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

The name shown in the mark identifies a living individual whose consent is of record.

SER. NO. 87-072,827, FILED 06-15-2016
ANDREW C LEASER, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT 2

# United States of America

## United States Patent and Trademark Office

## JAMES TYLER ELECTRIC

**Reg. No. 5,137,693**

**Registered Feb. 07, 2017**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

James Tyler (UNITED STATES INDIVIDUAL)
575 4th Street
San Fernando, CA 91340

CLASS 9: ELECTRONIC SOUND PICKUPS FOR GUITARS

FIRST USE 7-1-2007; IN COMMERCE 7-1-2007

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "ELECTRIC"

The name "James Tyler" identifies a living individual whose consent is of record.

SER. NO. 87-149,074, FILED 08-24-2016
ANDREW C LEASER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT 3



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | *e*Business | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Oct 19 03:47:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout    Please logout when you are done to release system resources allocated for you.

Start    List At:          OR    Jump    to record:    **Record 2 out of 4**

| TSDR | ASSIGN Status | TTAB Status |    *( Use the "Back" button of the Internet Browser to return to TESS)*

# TYLER

| | |
|---|---|
| **Word Mark** | TYLER |
| **Goods and Services** | IC 015. US 002 021 036. G & S: Guitars. FIRST USE: 19870701. FIRST USE IN COMMERCE: 19911231 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | **90796208** |
| **Filing Date** | June 25, 2021 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) James Tyler INDIVIDUAL UNITED STATES 575 4th Street San Fernando CALIFORNIA 91340 |
| **Attorney of Record** | Mark B. Mizrahi |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

# EXHIBIT 4



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | *e*Business | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Oct 19 03:47:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   **List At:**        OR   Jump   to record:      **Record 1 out of 4**

---

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

| **Word Mark** | TYLER MAC |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Guitar amplifiers; Guitar cables; Guitar effects processors |
| | IC 015. US 002 021 036. G & S: Guitar parts, namely, pickups, cases, straps, strings, picks therefor; Guitars. FIRST USE: 20210701. FIRST USE IN COMMERCE: 20210701 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 22.01.06 - Banjos ; Guitars ; Ukuleles |
| **Serial Number** | **90887781** |
| **Filing Date** | August 17, 2021 |
| **Current Basis** | 1A;1B |
| **Original Filing Basis** | 1A;1B |
| **Owner** | (APPLICANT) Tylermac Studios, LLC LIMITED LIABILITY COMPANY FLORIDA 2025 Seward Ave., Unit 101 Naples FLORIDA 34109 |
| **Attorney of Record** | Richard Altman |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GUITAR" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The mark consists of the capital letters TYLER above and to the left of the the capital letters MAC with an outline of a open bottom guitar laying horizontal over the letters TYLER. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY